## E. WITTEY v. PETER DEFF.

[Abstract Kentucky Law Reporter, Vol. 2—230.]

**Construction of Deeds of Conveyance.**

> Before the chancellor undertakes to alter or vary the terms of a deed, either on the ground of fraud or mistake, he ought to be well satisfied that the draftsman has failed to embody the real contract in the writing, and where there is conflicting testimony raising a doubt as to what was the real contract between the parties, the written evidence of the contract must control the action of the chancellor, and the contents of the conveyance must determine the question.

### APPEAL FROM METCALFE CIRCUIT COURT.

February 19, 1881.

OPINION BY JUDGE PRYOR:

When considering the conveyance and its terms under which the appellee claims, the decided weight of the testimony is with the appellant. Before the chancellor undertakes to alter or vary the terms of such an instrument, either upon the ground of fraud or mistake, he ought to be well satisfied that the draftsman has failed to embody the real contract in the writing. The deed is so plainly written that one of ordinary understanding could readily see what it purported to convey; and, in fact, the appellee says he understood the legal effect of the deed at the time he accepted it, and was induced to accept it on the representation of the appellant that his

bond was as good as his word, and that the tract contained 250 acres. As to this representation the parties disagree, and the appellant established, by a witness who claims to have heard the contract made, that it was the sale of the boundary for so many dollars. The appellant also swears, and in addition proves, that the appellee stated to divers other persons that he bought the boundary. The appellee denies this, and swears that he purchased on the faith of the representations made, and by others he proves that such admissions were made by the appellant, and that he said he would make up the deficit, all of which leaves the mind in doubt on this conflicting testimony as to what was the real contract between the parties. This doubt existing, the written evidence of the contract, when resorted to, must control the action of the chancellor, and the contents of the conveyance must therefore determine the question. It is the best evidence in the absence of any other writing as to what the contract was, and the chancellor therefore erred in abating the contract price.

The judgment is therefore *reversed* and cause remanded for further proceedings consistent with this opinion.

*B. F. Hunt, R. B. Dahoney, for appellant.*
*Bales & Muncie, for appellee.*